IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MELVIN FRANCIS GODDARD,       )    Civil No. 04-1290-JO
                                   )
              Petitioner,     )
                                   )
            v.          )    <u>OPINION AND ORDER</u>
                                   )
JEAN HILL, Superintendent, Snake River   )
Correctional Institution,            )
                                   )
              Respondent.    )

Anthony D. Bornstein
OFFICE OF THE FEDERAL PUBLIC DEFENDER
101 S.W. Main Street, Suite 1700
Portland, OR  97204

  Attorney for Petitioner

Denis M. Vannier
OREGON DEPARTMENT OF JUSTICE
1162 Court Street N.E.
Salem, OR  97301-4096

  Attorney for Respondent

JONES, Judge:

Petitioner, an inmate at the Snake River Correctional Facility located in Ontario, Oregon, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner alleges that he is actually innocent and that he was denied effective assistance of trial and appellate counsel.  For the reasons set forth below, the Petition for a Writ of Habeas Corpus (#1) is DENIED.

BACKGROUND

Petitioner seeks to challenge the legality of his state court convictions for Sodomy and Endangering the Welfare of a Minor (hereafter child endangerment), which were committed against his girlfriend's daughter, M.[1]  (Petition (#1) at 1.)  The Oregon Court of Appeals summarized the petitioner's offenses as follows:

> Defendant lived with the victim, who was a six-year-old girl, and her mother.
> The victim's mother left her in defendant's care for the day.  Defendant went into
> his bedroom to watch a video, "Gang Bang Orgies," which depicts multiple acts
> of sexual intercourse.  As he watched the video, he became aroused.  The victim
> watched from the doorway.  Defendant told her to touch his penis with her tongue
> and she did so.

State v. Goddard, 178 Or. App. 538, 540, 37 P.3d 1046 (2002).  After petitioner was convicted, following a jury trial, the court sentenced him to 112 months of imprisonment.  (Respondent's Exhibits to Answer (#26)  (hereafter "Resp't Ex.") 101, pp. 2-3.)  The judgment in that proceeding, Lane County Circuit Court Case No. 20-99-02171, was entered on June 22, 1999. Id.  Petitioner timely filed a direct appeal in which he challenged only his child endangerment conviction on the ground that the state lacked sufficient evidence to prove an essential element

---

[1]I refer to the minor child by her initial.

of the crime.  (Resp't Ex. 103, p. 5.)  The Oregon Court of Appeals affirmed the conviction in a

written opinion.  State v. Goddard,178 Or. App. 538, 37 P.3d 1046 (2002).  The Oregon

Supreme Court denied review.  State v. Goddard, 334 Or. 121, 47 P.3d 484 (2002).

On December 11, 2002, petitioner sought post-conviction relief ("PCR") in Malheur

County Circuit Court.  (Resp't Ex. 109, p. 8.)  As part of his formal petition, petitioner claimed

that his federal constitutional right to effective assistance of counsel was violated at the trial and

appellate levels.  (Id. at Ex. 109, pp. 2-7.)  The parties stipulated that petitioner's sentence for

child endangerment should have run concurrently with his sentence for sodomy.  (Id. at Ex. 116,

p. 1.)  The court denied relief on petitioner's remaining post-conviction claims.  Id.

Petitioner then filed a notice of appeal with the Oregon Court of Appeals; however, the

notice of appeal was filed more than thirty days after judgment was entered.  (Id. at Ex. 117,

pp. 1-2, Ex. 118, p. 1.)  Because a notice of appeal must be filed within thirty days, the Oregon

Court of Appeals dismissed the appeal as untimely, based on Oregon Revised Statute ("O.R.S.")

§ 138.650 and Felkel v. Thompson, 157 Or. App. 218, 970 P.2d 657 (1998), *superseded by* 175

Or. App. 291, 27 P.3d 536 (2001).  (Id. at Ex. 118, p. 1.)  The Oregon Supreme Court denied

review.  (Id. at Ex. 122, p. 1.)

On October 6, 2004, petitioner filed the instant petition, in which he alleges that he is

actually innocent because of the "corrupt Oregon court systems [sic] proceeding and procedure"

(Ground 1); and that his trial and appellate attorneys rendered ineffective assistance (Grounds 2-

20).  (Petition (#1) at 6-14.)  Respondent argues that petitioner procedurally defaulted all of the

grounds alleged in his petition.  (Response to Habeas Corpus Petition (hereafter "Resp.") (#24) at

10-11.)  Although petitioner concedes procedural default and does not challenge whether O.R.S.

3 - OPINION AND ORDER

§138.650 is an "independent and adequate" procedural rule, he argues nonetheless that his PCR

attorney's errors constitute "cause" sufficient to excuse the default.  (Reply to Response to

Habeas Corpus Petition (hereafter "Reply") (#28) at 8.)  In the alternative, petitioner seeks an

evidentiary hearing on the issue of cause and prejudice because he wishes to "explain the

extreme difficulties he experienced in receiving proper legal assistance from [his PCR counsel]

and how his complaints to the [state court] went unheeded."  (Reply at 13.)

DISCUSSION

I.    Exhaustion and Procedural Default

    A.    Standards

Before a federal court will consider the merits of habeas corpus claims pursuant to

28 U.S.C. § 2254, a petitioner must exhaust his claims by fairly presenting them to the state's

highest court, either through a direct appeal or collateral proceedings.  Rose v. Lundy,

455 U.S. 509, 519 (1982).  A petitioner is deemed to have "procedurally defaulted" his claim if

he failed to comply with a state procedural rule, or failed to raise the claim at the state level at

all.  Coleman v. Thompson, 501 U.S. 722, 750 (1991); Edwards v. Carpenter, 529 U.S. 446, 451

(2000).

"When a state prisoner has defaulted his federal claims in state court pursuant to an

independent and adequate state procedural rule, federal habeas review is barred unless the

prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate

that the failure to consider the claims will result in a miscarriage of justice."  Noltie v. Peterson,

9 F.3d 802, 804-05 (9th Cir. 1993); Sawyer v. Whitley, 505 U.S. 333, 338-39 (1992).  "'Cause' is

4 - OPINION AND ORDER

a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).

B.     Analysis

Petitioner concedes that his PCR appeal was not timely filed but posits that cause exists to excuse the procedural default. Petitioner first attempts to show cause by arguing that his PCR counsel was responsible for the failure to timely file petitioner's appeal. (Reply at 9.) In making this argument, petitioner seeks to capitalize on language in Coleman v. Thompson, which reads that "[a]ttorney ignorance or inadvertence is not 'cause' *because the attorney is the petitioner's agent*." 501 U.S. at 753 (emphasis added). Thus, according to petitioner, if an attorney ceases to act as a petitioner's agent, attorney error may be a legitimate "cause" for procedural default. I disagree.

In Coleman, petitioner's post-conviction appeal was dismissed as untimely because, as here, counsel inadvertently filed petitioner's notice of appeal after the deadline. In response to petitioner's argument that attorney error constituted cause sufficient to excuse the procedural default, the Supreme Court noted: "Because [petitioner] had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of [petitioner's] claims in state court cannot constitute cause to excuse the default in federal habeas." Coleman, 501 U.S. at 757. The Court went on to conclude that attorney ignorance or inadvertence constitutes cause only in proceedings in which the petitioner has a Sixth Amendment right to counsel. Id. at 753-54. "In other words, it is not the gravity of the attorney's error that matters, but that it constitutes a violation of petitioner's right to counsel." Id. at 754.

5 - OPINION AND ORDER

Like the petitioner in <u>Coleman</u>, the petitioner in this case has no Sixth Amendment right to counsel and bears the risk of attorney error.  Although petitioner argues that <u>Coleman</u> does not apply because counsel was no longer petitioner's agent when counsel failed to act, such an interpretation is not in accordance with the Supreme Court's holding.  The Court specified that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, *or failing to act*, in furtherance of the litigation." <u>Id.</u> at 753 (emphasis added). Thus, counsel is the petitioner's agent even if he fails to act.[2]

Moreover, according to the Supreme Court, "'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." <u>Id.</u>  Unlike interference by officials or the unavailability of facts necessary for a claim, however, errors by counsel are not external to the petitioner.  <u>Id.</u>  Because petitioner in this case fails to point to any objective external factor, there is insufficient cause to excuse the procedural default.[3]    Finally, a procedural default may also be excused if petitioner demonstrates a "fundamental miscarriage of justice." <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000). However, doing so requires a showing of actual innocence.  <u>Schlup v. Delo</u>, 5133 U.S. 298, 329

---

[2]The Fifth Circuit rejected an argument similar to petitioner's, concluding:  "[Petitioner], while attempting to sidestep <u>Coleman</u> by arguing that his attorneys never represented him at all, actually falls squarely within that holding.  His argument is simply that his attorneys failed to act or otherwise inadvertently allowed deadlines to pass, contentions that are merely ones of poor representation cloaked in the mantle of no representation.  [Petitioner] demonstrates no external impediment--necessary to show cause--that prevented his counsel from constructing or raising his claims." <u>Fairman v. Anderson</u>, 188 F.3d 635, 643, *reh'g &  reh'g en banc denied*, 200 F.3d 813 (5th Cir. 1999).

[3]To the extent petitioner asserts that his post-conviction counsel was constitutionally ineffective, it is well-established that there is no constitutional right to an attorney in state PCR proceedings; thus, there can be no cause of action for ineffective assistance of PCR counsel. <u>Coleman v. Thompson</u>, 501 U.S. at 752-53; <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 553 (1987).

(1995).  As discussed below, petitioner has made no showing of actual innocence.  Accordingly,

petitioner has not demonstrated a fundamental miscarriage of justice of sufficient magnitude to

excuse the procedural default.

"If a state procedural bar is an adequate and independent ground for dismissal, habeas

corpus is foreclosed in federal court unless the petitioner can show cause for the procedural

default and resulting prejudice, or show that a failure to consider his claims would result in a

fundamental miscarriage of justice."  Powell v. Lambert, 357 F.3d 871, 874 (9th Cir. 2004).

Petitioner does not allege a fundamental miscarriage of justice and, as discussed below, has not

demonstrated sufficient cause to excuse the procedural default.[4]  Because petitioner failed to

appeal his post-conviction relief claims to the state's highest court, and neither the error of

petitioner's PCR counsel nor alleged failures by the state court system constitute cause to relieve

the procedural default, petitioner is barred from bringing the defaulted claims in a federal habeas

corpus proceeding.

II.    Actual Innocence

In Ground One, petitioner alleges that he is actually innocent despite the "corrupt Oregon

court systems [sic] proceeding and procedures."  (Petition at 6.)  To support this allegation,

petitioner claims that the victim told two different stories:  one story to the police and one story

at trial.  Id.  He further claims that the victim's testimony was suspect because she related events

by responding to leading questions and "did not actually state anything herself, as to events that

happened or did not happen."  Id.

---

[4]"A finding of lack of cause eliminates that need to discuss whether [petitioner] . . . was
prejudiced."  Thomas, 945 F.2d at 1123 n. 10.

7 - OPINION AND ORDER

A petitioner may overcome a procedural default upon a showing of actual innocence. Gandarela v. Johnson, 286 F.3d 1080, 1085 (9th Cir. 2002). Actual innocence requires "evidence of innocence strong enough that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Griffin v. Johnson 350 F.3d 956, 961 (9th Cir. 2003) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

Even if petitioner's claim of actual innocence could be construed as an argument for excusing petitioner's procedural default, federal courts may entertain writs of habeas corpus by state prisoners "only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In raising his actual innocence claim, petitioner fails to specify how he is in custody in violation of his federal constitutional rights. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief *absent an independent constitutional violation* occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993) (emphasis added).

In addition, to be credible, a claim of actual innocence must be supported by "newly presented evidence," which shows that "it is more likely than not that no reasonable juror would have convicted him." Griffin, 350 F.3d at 963. Here, petitioner fails to present any new evidence and does not show that any reasonable juror would have reasonable doubt as to his guilt. Accordingly, I find that petitioner has not made a sufficient showing to excuse his procedural default on the basis that he is actually innocent of the crimes for which he was convicted.

8 - OPINION AND ORDER

III.    <u>Evidentiary Hearing</u>

With regard to petitioner's request for an evidentiary hearing,"[a] habeas petitioner must meet two conditions to be entitled to a federal evidentiary hearing:  (1) allege facts which, if proven, would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding."  <u>Karis v. Calderon</u>, 283 F.3d 1117, 1126-27 (9th Cir. 2002); <u>Alberni v. McDaniel</u>, 458 F.3d 860, 873 (9th Cir. 2006). Although petitioner asserts that he will testify to the "difficulties he experiences in receiving proper legal assistance" in an evidentiary hearing, this assertion does not meet the threshold requirement that petitioner allege facts which, if proven, would entitle him to relief.

Even if petitioner succeeded in proving that he received ineffective assistance from his PCR counsel, based on a theory that O.R.S. § 138.590 provides for the appointment of "suitable counsel" on collateral review (Resp. at 12),  it is well settled that "'federal habeas corpus relief does not lie for errors of state law.'"  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991) (quoting <u>Lewis v. Jeffers</u>, 497 U.S. 764, 780 (1990) and citing <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984)).  In addition, because there is no constitutional right to an attorney in state PCR proceedings, there can be no federal cause of action for ineffective assistance of PCR counsel.  *See* <u>Coleman v. Thompson</u>, 501 U.S. at 752-53.  For this reason, petitioner's request for an evidentiary hearing is denied.

9 - OPINION AND ORDER

<u>CONCLUSION</u>

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is DENIED, and this proceeding is DISMISSED, with prejudice.

DATED this 31st day of October, 2006.


 /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

10 - OPINION AND ORDER